Filed 3/13/13  P. v. Taylor CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C070610 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F7279) |
| v. | |
| STEWART BRADLEY TAYLOR, | |
| Defendant and Appellant. | |

Defendant Stewart Bradley Taylor pleaded no contest to possession of methamphetamine and violating a domestic relations restraining order, and was sentenced to a prison term of two years eight months.  The trial court awarded defendant 15 days of actual time credit, plus 6 days of conduct credit, for a total of 21 days of presentence custody credit.

Defendant's sole contention on appeal is that he should have received day-for-day credits.  The People concede the error and we agree.

1

Effective October 1, 2011, the Legislature amended Penal Code section 4019[1] to allow all defendants serving presentence time in county jail to be eligible for day-for-day credits. (Stats. 2011, ch. 15, § 482, eff. Apr. 4, 2011; Stats 2011, ch. 39, § 53; Stats. 2011-2012, 1st Ex. Sess., ch. 12, § 35.) Section 4019 now provides that "a term of four days will be deemed to have been served for every two days spent in actual custody." (§ 4019, subd. (f).) The only defendants who are excluded from section 4019's current day-for-day credit provisions are those who have a current violent felony or murder conviction. (See § 2933.1, subd. (c), § 2933.2, subd. (c).) By its express terms, the amendment to section 4019 applies only to defendants whose crimes were committed on or after October 1, 2011. (§ 4019, subd. (h).)

Defendant committed his crimes on November 22, 2011. The parties agree the amendments to section 4019 described above apply and that defendant is entitled to 14 days of conduct credit.

Defendant filed a letter motion to correct his presentence custody credits in the trial court. The trial court denied his request based on its mistaken belief defendant sought a retroactive application of amended section 4019.

We shall grant the requested relief.

### DISPOSITION

The judgment is amended to reflect an award to defendant of 29 days of presentence custody credit, comprised of 15 days of actual time and 14 days of conduct credit. As amended, the judgment is affirmed. The trial court is directed to prepare an

---

[1]     Undesignated statutory references are to the Penal Code.

amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

                                                NICHOLSON      , J.

We concur:


          RAYE       , P. J.


          HULL        , J.

3